1  MICHAEL H. WEISS (State Bar No. 110148)          **MADE JS-6**
   mweiss@proskauer.com
2  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
3  Los Angeles, CA  90067-3206
   Telephone: (310) 557-2900
4  Facsimile:  (310) 557-2193

5  JAMES B. BALDINGER (Florida Bar No. 869899)
   jbaldinger@carltonfields.com
6  (admitted pro hac vice)
   STACEY K. SUTTON (Florida Bar No. 289530)
7  ssutton@carltonfields.com
   (admitted pro hac vice)
8  DAVID B. ESAU (Florida Bar No. 650331)
   desau@carltonfields.com
9  (admitted pro hac vice)
   CARLTON FIELDS, P.A.
10 525 Okeechobee Blvd., Suite 1200, P.O. Box 150
   West Palm Beach, FL 33402-0150
11 Telephone: (561) 659-7070
   Facsimile: (561) 659-7368

12 Attorneys for Plaintiff
   T-Mobile USA, Inc.
13

14              UNITED STATES DISTRICT COURT
15              CENTRAL DISTRICT OF CALIFORNIA

16 T-MOBILE USA, INC., a Delaware     ) Case No.  CV-08-02691 GW (AGRx)
   Corporation                        )
17                                     )
                                       ) **FINAL JUDGMENT AND**
18         Plaintiff,                  ) **PERMANENT INJUNCTION**
                                       ) **AGAINST DEFENDANTS ALL**
19 v.                                  ) **PRO DISTRIBUTING, INC., AND**
                                       ) **SHACHAR SHABTAY A/K/A**
20                                     ) **SHAWN SHABTAY**
   ALL PRO DISTRIBUTING INC., a        )
21 California Corporation; SHACHAR     )
   SHABTAY; and DOES 1-10,             )
22                                     )
           Defendants.                 )
23                                     )
                                       )
24                                     )
                                       )
25

26

27

28

Plaintiff T-Mobile USA, Inc. ("T-Mobile"), brought the above-captioned lawsuit against, inter alia, Defendants Shachar Shabtay a/k/a Shawn Shabtay and All Pro Distributing, Inc. asserting that Defendants are engaged in an unlawful enterprise involving the acquisition, sale, and counterfeiting of large quantities of T-Mobile prepaid wireless telephones ("T-Mobile Prepaid Handsets" or "Handsets") and SIM cards that causes substantial and irreparable harm to T-Mobile (the "Bulk Resale Venture").

T-Mobile asserts that Defendants perpetrate the Bulk Resale Venture by acquiring bulk quantities of T-Mobile Prepaid Handsets, which include SIM cards, from retail stores, such as Wal-Mart or Target.  T-Mobile further asserts that Defendants solicit others to purchase T-Mobile Prepaid Handsets and SIM cards in bulk for their own benefit.  T-Mobile asserts that Defendants acquire the T-Mobile Prepaid Handsets and SIM cards with the actual or constructive knowledge and intent that they will not be activated for use on the T-Mobile prepaid wireless network and that the Handsets will be computer-hacked.  The purpose of this hacking, known as "unlocking," is to erase, remove and/or disable proprietary software installed in the Handsets, which enables the use of the T-Mobile Prepaid Handsets exclusively on T-Mobile's prepaid wireless system.  T-Mobile asserts that the unlocked Handsets and SIM cards are then trafficked and resold overseas, at a premium, under the T-Mobile trademarks for unauthorized use outside of Plaintiff's prepaid wireless system.

T-Mobile Prepaid Handsets are sold subject to terms and conditions ("Terms and Conditions") which restrict and limit the sale and use of T-Mobile Prepaid Handsets.  These Terms and Conditions are set forth in printed inserts that are included in the packaging with every T-Mobile Phone, and are also available to the public on T-Mobile's website.  The Terms and Conditions are referenced in printed warnings that are placed on the outside of the retail packaging of the Handsets.  T-Mobile alleges that the Terms and Conditions and language on the packaging

constitute a valid binding contract.

The Terms and Conditions of T-Mobile Prepaid Handsets provide, among other things, that purchasers will not to use the Handsets for a fraudulent purpose that "negatively impact[s] [T-Mobile's] customers, employees, business, ability to provide quality service, [and] reputation." T-Mobile Terms and Conditions, ¶ 7.

As a result of the alleged Bulk Resale Venture, T-Mobile has asserted claims against Defendants for breach of contract; federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B); unfair competition under California common law; contributory trademark infringement; tortious interference with business relationships and prospective advantage; harm to T-Mobile's goodwill and business reputation; civil conspiracy; unjust enrichment; and conspiracy to induce a breach of contract. The Court, having reviewed the Complaint and file and being otherwise duly advised in the premises, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over the parties and all of the claims set forth in T-Mobile's Complaint.

2. The Court finds that T-Mobile has the right to use and enforce said rights in the standard character mark T-Mobile and a stylized T-Mobile Mark (collectively, the "T-Mobile Marks") as depicted below:



T-Mobile uses the T-Mobile Marks on and in connection with its telecommunications products and services. Defendants' use of the T-Mobile Marks without authorization in connection with the Bulk Resale Venture, if proven as alleged, has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of the counterfeit products, and the relationship between T-Mobile and Defendants. Defendants' activities, if proven as alleged, constitute false designation of origin, false descriptions and representations, and

false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B).  T-Mobile asserts that Defendants knew or should have known that T-Mobile is the exclusive licensee of the T-Mobile Marks and that Defendants had no legal right to use the T-Mobile Marks on infringing products.

3.     The Court finds that the Terms and Conditions and the language on the packaging constitute a valid binding contract enforceable against Defendants.  The Court finds that facilitating others to use T-Mobile Prepaid Handsets in conjunction with service providers other than T-Mobile; tampering with or altering T-Mobile Prepaid Handsets, SIM cards and/or the Handsets' software; and/or entering unauthorized PIN numbers in the Handsets for purposes of unlocking the Handsets or facilitating others in such acts, constitute independent breaches of contract for which T-Mobile is entitled to relief.

4.     The Court finds that the conduct set forth in the Complaint, if proven as alleged, violates the following statutes: 15 U.S.C. § 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising), and Cal. Bus. & Prof. Code. § 17200, et seq. (California unfair competition).  The Court further finds that the conduct, if proven as alleged, constitutes contributory trademark infringement; tortious interference with business relationships and prospective advantage; harm to T-Mobile's goodwill and business reputation; civil conspiracy; unjust enrichment; and conspiracy to induce a breach of contract, and has caused substantial and irreparable harm to T-Mobile, and would continue to cause substantial and irreparable harm to T-Mobile unless enjoined.

5.     T-Mobile has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct.  T-Mobile is entitled to injunctive relief on the claims set forth in the Complaint.

6.     Final judgment is hereby entered jointly and severally against Defendants Shachar Shabtay a/k/a Shawn Shabtay and All Pro Distributing, Inc., and in favor of the Plaintiff, T-Mobile USA, Inc., on all of the claims set forth in T-

4

Mobile's Complaint in the principal amount of Two Million Five Hundred Thousand Dollars (U.S. $2,500,000) that shall bear interest at the legal rate for which let execution issue forthwith.

7.     Defendants and each and all of their past, future, and present officers, directors, successors, predecessors, assigns, parents, subsidiaries, affiliates, related companies, agents, employees, investigators, consultants, heirs, personal representatives, beneficiaries, relatives, independent contractors, and all other persons or entities acting or purporting to act for his/her/its benefit, and any and all persons or entities in active concert and participation with any Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

(a)     Purchasing, selling and/or shipping any Prepaid mobile device or Prepaid SIM card (collectively, the "T-Mobile Handsets").  Specifically, they are enjoined from purchasing, selling, and/or shipping, directly or indirectly, prepaid T-Mobile Handsets and prepaid SIM card models, regardless of whether such devices are new or used, whether in or out of their original packaging, or whether "locked," "unlocked," or otherwise modified in any way by any person.  This injunction applies to all currently available prepaid T-Mobile Handsets and prepaid SIM cards and those that may be offered for sale in the future;

(b)     unlocking of any T-Mobile Handset;

(c)     supplying T-Mobile Handsets or SIM cards to or facilitating or in any way assisting other persons or entities who they know or should know are engaged in unlocking T-Mobile Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in T-Mobile Handsets or fraudulently activating SIM cards;

(d)     supplying T-Mobile Handsets or SIM cards to, or facilitating or assisting in any way, persons or entities who they know or should know are engaged in any of the acts prohibited under this permanent injunction including,

5

FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS ALL PRO DISTRIBUTING, INC. AND  SHACHAR SHABTAY A/K/A SHAWN SHABTAY

without limitation, the buying, selling and/or shipping of locked or unlocked T-Mobile Handsets and SIM cards; and

(e)   knowingly using the T-Mobile Marks or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future, without T-Mobile's prior written authorization.

8.   The purchase, sale or shipment of any prepaid service T-Mobile Handsets or SIM cards without T-Mobile's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

9.   If, after the Judgment is entered, it is discovered that the parties to this action have violated the terms of this Permanent Injunction, the Court will order the payment of compensatory damages to T-Mobile in the amount of Five Thousand Dollars and Zero Cents ($5,000.00 (U.S.)) for each T-Mobile phone and/or item of T-Mobile Prepaid Handset-related materials or accessories, including but not limited to SIM cards, purchased, sold, unlocked, reflashed, altered, advertised, and/or shipped.   The Court finds that these amounts are compensatory and reasonable estimations of the minimum damages suffered by T-Mobile for such a breach and will serve to compensate T-Mobile for its losses in the event a Defendant violates the terms of this Permanent Injunction.

10.   The last known address of All Pro Distributing, Inc. is 15240 Raymer Street, Van Nuys, California 91405-1016.

11.   The address of Plaintiff, T-Mobile USA, Inc. is 12920 S.E. 38th Street, Bellevue, Washington  98006.

12.   Defendants waive their right to appeal from the entry of this Final Judgment.

13.   The Court retains jurisdiction over this matter and the parties to this action in order to enforce the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to T-Mobile USA,

6

Inc. in an amount of not less than $5,000 for each T-Mobile Handset that a Defendant is found to have purchased, sold, altered, unlocked or shipped in violation of this injunction.

14.     The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

15.     The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED in Chambers this 14th day of November, 2008.

_____ *George H. W.* _____

JUDGE, UNITED STATES DISTRICT COURT

Copies furnished to:

James B. Baldinger, counsel for Plaintiff
James Whitelaw, counsel for Defendants

7